The opinion below is hereby signed. Dated: December 3, 2005.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
WILLIAM J. HEALEY,                 )    Case No. 05-01343
                                   )    (Chapter 7)
            Debtor.                )

OPINION RE MARC R. LABGOLD'S
OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

The debtor has claimed as exempt

- $200 in cash; $700 in a bank account; and $2,475 in a security deposit;

- $2,500 for furniture, computer equipment; and $1,000 for clothes;

- $500 for a bicycle;

- $28,000 for a Fidelity retirement account and $8,500 for a Mayer Brown retirement account (both claimed to be exempt under § 522(d)(10)(E)).

Marc R. Labgold has objected to the exemptions on the grounds that:

- the furniture, computer equipment, and clothes are

        undervalued;

- the debtor should have more than the $200 in cash and the $700 bank account; and
- the exemption of the retirement accounts is improper "to the extent that they do not qualify for exemption under section 522(d)".

The debtor has failed to respond to the objection.

    The objections regarding undervaluing or understating assets (the furniture, computer equipment, clothes, cash, and bank account) are readily disposed of.  The debtor only claims the specified dollar amounts of exemptions with respect to each asset, and his exemptions will be limited to those dollar amounts.  See Hyman v. Plotkin (In re Hyman), 967 F.2d 1316 (9th Cir. 1992) (exemption was limited to amount stated by debtor as exempt value rather than full value of homestead); Addison v. Reavis, 158 B.R. 53, 59 (E.D. Va. 1993) (exemptions of assets were limited to value debtors listed), aff'd without published op. sub nom. Ainslie v. Grablowsky, 32 F.3d 562 (4th Cir. 1994).  Accord, In re DeSoto, 181 B.R. 704 (Bankr. D. Conn. 1995); Pope v. Clark (In re Clark), 274 B.R. 127 (Bankr. W.D. Pa. 2002).  Cf. Stoebner v. Wick (In re Wick), 276 F.3d 412 (8th Cir. 2002) (debtor limited to specified dollar amount claimed exempt for asset listed with unknown value).  But see

<u>Allen v. Green (In re Green)</u>, 31 F.3d 1098 (11th Cir. 1994) (trustee conceded that he understood the $1.00 value listed for lawsuit represented a contingent value, and court of appeals held that claimed exemption in amount of $1.00 should be viewed as claim to exempt lawsuit in its entirety).  If the value of an asset is greater than the dollar amount claimed as exempt, then the debtor must amend his exemptions if he is to have the benefit of exempting a larger dollar amount with respect to such asset.  Pursuant to Rule 4003(b), Labgold can object to any amended exemption to the extent it is improper.

The objection regarding the retirement accounts requests that the exemptions be disallowed "to the extent [the accounts] do not qualify for exemption under Section 522(d)."  The debtor claimed these retirement accounts as exempt under 11 U.S.C. § 522(d)(10)(E) which allows such accounts to be exempted only "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."  The debtor, a lawyer with a large law firm, listed no dependents on his Schedule I and has listed an income (well in excess of the income of the more typical individual debtor in this court) that exceeds his monthly expenses on Schedule J, resulting in a positive net income.  Accordingly, these

retirement accounts are not reasonably necessary for the debtor's support.  The court will thus sustain the objection to these claims of exemption.

As the objection seems to recognize, the retirement accounts may be exemptible to some extent under § 522(d) (by reason of alternative provisions that might be invoked to claim an exemption).  However, the court must deal with the exemptions as presently claimed only on the basis of § 522(d)(10)(E), and the court will not speculate how the debtor might elect to amend the exemptions.  The disallowance of the claimed exemptions under § 522(d)(10)(E) will be without prejudice to the debtor's amending his Schedule C to attempt to exempt such accounts to the extent authorized by any other provision.

An order follows.

                              [Signed and dated above.]

Copies to: Debtor; Stephen W. Robinson; Cathryn Le Regulski; Kevin R. McCarthy; Office of the U.S. Trustee.